**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 18 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

IVONNE CONTRERAS CRUZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.   20-71141

Agency No. A044-162-916

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 14, 2021**
San Francisco, California

Before: HAWKINS and MILLER, Circuit Judges, and MORRIS,*** District
Judge.

Petitioner Ivonne Contreras Cruz ("Contreras") seeks judicial review of the

Board of Immigration Appeals ("Board") decision affirming the denial of her

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Brian M. Morris, United States District Judge for the
District of Montana, sitting by designation.

application for withholding of removal and protection under the Convention Against Torture ("CAT").[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition, in part, and remand, in remaining part.

1.     The Board applied the proper legal standard and did not abuse its discretion when it determined that Contreras had been convicted of a particularly serious crime, thereby rendering her ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii); *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015). The law limits our review to "whether 'the agency relied on the appropriate factors and proper evidence.'" *Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019) (quoting *Avendano-Hernandez*, 800 F.3d at 1077). The Board agreed with and adopted the immigration judge's decision finding Contreras ineligible for withholding of removal and protection under the CAT. "When the [Board] adopts an [immigration judge]'s decision, but also adds its own reasoning, as occurred here, we review both decisions." *Kaur v. Ashcroft*, 388 F.3d 734, 736 (9th Cir. 2004).

On review, Contreras argues that the immigration judge failed to rely on proper evidence in its determination that 29.50 kilograms of methamphetamine did

---

[1]     Although Contreras's original application included a request for asylum, the Board determined that Contreras's concession regarding her aggravated felony conviction rendered her ineligible for asylum under 8 U.S.C. § 1158(b)(2)(B)(i). Contreras did not raise a challenge to this determination in her petition to this Court.

not qualify as a "very small quantity of controlled substance" under *Matter of Y-L-*, 23 I. & N. Dec. 270, 276 (Op. Att'y Gen. 2002). Contreras further contends that the immigration judge misapplied the correct legal standard in determining the seriousness of her drug trafficking crime by failing to consider Contreras's mental health and whether she had demonstrated "extraordinary and compelling circumstances."

Given Contreras's concession that her conviction for importation of methamphetamine under 21 U.S.C. §§ 952, 960 qualifies as an aggravated felony drug trafficking crime, the immigration judge correctly concluded that the *Matter of Y-L-* presumption applies in this case. *Miguel-Miguel v. Gonzales*, 500 F.3d 941, 949 (9th Cir. 2007).

The first factor in *Matter of Y-L-* requires Contreras to demonstrate that her crime of conviction involved "a very small quantity of controlled substance." 23 I. & N. Dec. at 276. To determine the amount of methamphetamine at issue in Contreras's offense, the immigration judge looked to the criminal complaint and probable cause statement filed against Contreras in federal district court. These conviction documents revealed that Contreras imported 29.50 kilograms of methamphetamine. Contreras testified before the immigration judge that she did not know the quantity of methamphetamine contained in her vehicle when she attempted to enter the United States. Contreras offered no testimony or evidence

3

that the methamphetamine she transported amounted to a "very small quantity of controlled substance." *Matter of Y-L-*, 23 I. & N. Dec. at 276. Contreras failed to meet a threshold factor in rebutting the particularly serious crime presumption. *Id.*

2.      We remand in part to allow the Board to reconsider its determination that Contreras does not qualify for deferral of removal under the CAT. The government asks us to remand on this issue to "allow the agency to consider other testimony relating to the probability of future torture," and "to reconsider its acquiescence finding." Contreras requested deferral of removal under the CAT, claiming that her abusive husband, Felipe, would seriously injure or kill Contreras if she returned to Mexico, and that Felipe's family connections to the Mexican police and government would lead the Mexican government to acquiesce in Contreras's torture. Contreras does not oppose a remand, so we grant the government's request.

**PETITION DENIED, in part, and REMANDED, in remaining part.**